JOSEPH A. BRADY, complainant,

*v.*

JOHN C. McHUGH et al., defendants.

[Decided January 16th, 1922.]

1. A wife cannot vary or invalidate the terms of a mortgage signed by her, as against a *bona fide* holder for value, without notice, by parol evidence that she did not know that the paper she signed was a mortgage, where it is undisputed that the mortgagee loaned money to the husband upon the security of a mortgage in fact signed by the husband and wife and where the wife alleges no fraud in the transaction on the part of the mortgagee.

2. The purpose and effect of *P. L. 1916 p. 321,* being a supplement and not an amendment to a former act, were merely to eliminate the requirement of a separate acknowledgment by the wife and to substitute therefor an acknowledgment made in the same manner as if she were a *feme sole* and to leave the remaining provisions of the former act in full force and effect.

3. A mortgage executed by a married woman and her husband is not enforceable against her in equity, as a mortgage, unless it is acknowledged by her in compliance with the statute.

4. A certificate of acknowledgment of the execution of a mortgage is *prima facie* evidence of its contents and the burden of proof to show that it is untrue is upon the one disputing its validity.

5. In this case the evidence *held* sufficient to show that the certificate of acknowledgment was false and that the wife did not acknowledge the execution of the mortgage.

6. The rule that where a mortgage given by a married woman is invalid because of a defect in or lack of acknowledgment, it will nevertheless operate in equity as an appointment of the property described in it for the payment of the debt, and equity will decree that the debt be a charge on the property so appointed, does not apply where the debt was not contracted for the benefit of the wife's separate estate, or for her own use on the credit of that estate.

On bill to foreclose.

*Mr. Gerald M. F. McLaughlin,* for the complainant.

*Mr. Joseph Anderson, Sr.,* for the defendant Ella D. Mc-Hugh.

FIELDER, V. C.

On November 27th, 1916, John C. McHugh entered into a bond to Mary Curnen conditioned for the payment on the same day of $1,000 with interest at six per cent. He and Ella D. McHugh, his wife, executed their mortgage to Mrs. Curnen, bearing even date with and to secure the payment of said bond, which mortgage covers lands in Jersey City and is not recorded. At the date of the bond and mortgage said lands were not owned by the mortgagors but were afterwards conveyed to them as tenants by the entirety, by deed from William H. Carey, executor of Anna B. Cowles, dated November 29th, 1916, and recorded the same day. By assignment dated March 1st, 1922, Mary Curnen assigned the bond and mortgage to the complainant, Joseph A. Brady, who, about six weeks later, filed this bill to foreclose the mortgage. The only defendants are John C. McHugh and Ella D. McHugh, and the bill was taken as confessed against the former. Mrs. McHugh has interposed several defences, of which I think it necessary to consider but two—first, that she signed a paper to acknowledge that Mary Curnen had loaned her husband $1,000, but that she did not know that such paper was a mortgage covering her interest in the lands in question, and second, that she did not acknowledge the execution of the mortgage.

As to the first defence, it is sufficient to say that it is undisputed .that the mortgagee loaned John C. McHugh $1,000 upon the security of his bond and said mortgage, and since Mrs. McHugh admits that her signature on the mortgage produced in court is genuine and she imputes no fraud in the transaction to the mortgagee, and it appears that complainant is a *bona fide* holder for value, without notice of this defence, parol evidence on the part of said defendant to vary or invalidate the terms of the mortgage she signed, cannot be considered.

As to the second defence, the signatures of the mortgagors appear to have been witnessed by one Anna C. Datz, and the mortgage bears a certificate of acknowledgment dated No-

vember 27th, 1916, signed "Anna C. Datz, Notary Public of N. J.," to which is affixed a notarial seal, which certificate is in the usual form then in use in this state, including a certificate of separate acknowledgment by the wife.

By section 39 of "An act respecting conveyances," Revision of 1898 (*P. L. 1898 p. 685; Comp. Stat. p. 1547*), as amended by *P. L. 1912 p. 158* (*Supp. Comp. Stat. p. 410*), it was provided that no estate or interest of a *feme covert* in any lands in this state should thereafter pass by her deed or conveyance, without a previous acknowledgment made by her, on a private examination apart from her husband, before an officer authorized to take acknowledgments, that she signed, sealed and delivered the same as her voluntary act and deed, freely, without any fear, threats or compulsion of her husband and a certificate thereof written on said deed or conveyance and signed by the officer before whom it was made. The requirement of a separate acknowledgment by the wife was removed by *P. L. 1916 p. 321* (approved March 17th, 1916), but in all other respects the statute was in force at the date of the execution of the mortgage in question, and under its provisions the mortgage was not enforceable against Mrs. McHugh if not acknowledged by her (*Ten Eyck* v. *Saville, 64 N. J. Eq. 611*) unless *P. L. 1916 p. 321*, also removed the necessity for acknowledgment by a *feme covert* as an essential element to the validity of her deed or conveyance. In *Oppenheim* v. *Oppenheim, 91 N. J. Eq. 160,* Vice-Chancellor Stevens suggested, without deciding, that because of *P. L. 1916 p. 321,* perhaps a wife's title would pass by delivery, just as her husband's does, without any acknowledgment whatever by the wife. But I do not think that was the intention or effect of the act of 1916. It was a supplement and not an amendment to "An act respecting conveyances, Revision of 1898," and it expressly repealed only such acts as were inconsistent with it. I think its purpose and effect were merely to eliminate the requirement of a separate acknowledgment by the wife, as provided by section 39 of the Revision of 1898, as amended, and to substitute therefor an

acknowledgment made in the same manner as if she were a *feme sole* and to leave the remaining provisions of that section, which are not inconsistent with such purpose, in full force and effect. That is undoubtedly the law now. *P. L. 1918 p. 119; Schwabinger* v. *Saxon. 92 N. J. Eq. 461.* My conclusion is that an acknowledgment by Mrs. McHugh of the execution of the mortgage in question was essential to the validity of the mortgage and without an acknowledgment by her it is not effectual to pass to the mortgagee the estate by the entirety which Mrs. McHugh afterward acquired.

The certificate of acknowledgment is *prima facie* evidence of the due execution of the mortgage, and the burden of proof is on Mrs. McHugh to show that it is untrue. *Wells* v. *Wright, 12 N. J. Law 131; Marsh* v. *Mitchell, 26 N. J. Eq. 497; affirmed, 27 N. J. Eq. 631; Colonial B. & L.* v. *Griffin, 85 N. J. Eq. 455.* Mrs. McHugh testified that she signed the mortgage at her husband's request without understanding that it was a mortgage; that no one other than her husband was present at the time; that she never acknowledged execution of the instrument before anyone and that she does not know Anna C. Datz. No witness was called by complainant to contradict Mrs. McHugh's testimony. Neither her husband, with whom she is not living, nor the notary, was produced, nor was their absence accounted for. The complainant made no attempt to show that the notary's signature on the certificate is genuine and not forged, or that such a person as Anna C. Datz held a valid commission as notary at the date of the certificate of acknowledgment, and all this in the face of the fact that complainant was fully apprised by defendant's answer that one of the defences the latter intended to interpose to the foreclosure of the mortgage was a denial that she executed or acknowledged it. I feel that Mrs. McHugh has sustained the burden in this respect, and that on the evidence before me I must hold that she did not acknowledge the execution of the mortgage, and because she did not, her estate or interest in the lands in question did not pass by the mortgage.

Notwithstanding that as to Mrs. McHugh the mortgage is invalid as a mortgage or specific lien, the complainant contends that this court should declare and enforce a lien against her separate estate for the debt intended to be secured by the mortgage. This is on the authority of *Armstrong* v. *Ross, 20 N. J. Eq. 109,* and a line of decisions in this state following the principle applied in that case, which is that a mortgage given by a *feme covert,* invalid because of a defect in, or lack of acknowledgment, or because her husband did not join with her in its execution, will, nevertheless, operate in equity as an appointment of the property described in it, for the payment of the debt and equity will decree that the debt be a charge on the property so appointed and that the property shall be sold to pay it, the lien being in virtue of the decree of this court and not in virtue of the mortgage. When the decisions which support this principle are examined, it will be found that in each one the debt was contracted for the benefit of the wife's separate estate, or for her own use on the credit of that estate. In the instant case, the bond secured to be paid by the mortgage was the husband's bond, and Mrs. McHugh by her mortgage became surety or guarantor for its payment. The money loaned on the bond was loaned to the husband and not to Mrs. McHugh. An attempt was made by complainant to show that McHugh's purpose in borrowing the money from Mrs. Curnen was to use it as part of the purchase price of the land described in the mortgage, but the evidence on that point is not conclusive. In her answer the defendant states that McHugh "paid the principal and interest upon the mortgage, which was a purchase-money mortgage given at the time of the purchase of said property by the defendants." I understand that this statement refers to another mortgage for $3,500 which was on the property because the principal of the mortgage in question has not been paid and the mortgage in question was executed two days before the deed to the defendants bears date and the mortgagee (Mrs. Curnen) was not the vendor of the property, nor does it appear that her purpose in making the

loan to McHugh was to enable the defendants to purchase the property, and, therefore, she could not claim a vendor's lien. Two thousand dollars was the amount of cash paid for the purchase, a portion of which may have been the sum borrowed by McHugh from Mrs. Curnen and the balance may have been paid by McHugh wholly from his own funds. If he paid the whole of the purchase price he intended to make a gift of an interest in the property to his wife, but the obligation to repay the sum borrowed from Mrs. Curnen was primarily his, made so by the bond which he gave and she accepted. I do not think that the principle for which *Armstrong* v. *Ross* is authority applies in this case, and I consider that the debt for which the mortgage was intended as security cannot be decreed to be a lien on Mrs. McHugh's estate in the lands in question. *Peake* v. *La Baw, 21 N. J. Eq. 269; Perkins* v. *Elliott, 22 N. J. Eq. 127.*

The result is that the bill of complaint must be dismissed as to the defendant Ella D. McHugh, but since the defendant John C. McHugh has interposed no defence to complainant's cause of action and the bill has been taken as confessed against him, the complainant may have a decree against said defendant for $1,000 with interest at six per cent. from November 27th, 1920, and directing that a *fieri facias* issue for the sale of all his right, title and interest in the mortgaged premises.